WEAVER (BONNELL v.). See Case No. 1,-630.

WEAVER (GODDARD v.). See Case No. 5,-495.

WEAVER (LOWRY v.). See Case No. 8,-584.

---

## Case No. 17,309.

### WEAVER v. McLELLAN.

[5 Ben. 79.] [1]

Circuit Court, E. D. New York. March, 1871.

HALF PILOTAGE — VESSEL OWNED IN ANOTHER STATE NOT A FOREIGN VESSEL.

1. The pilotage law of New York required "foreign vessels and vessels under register" to take pilots and gave half pilotage on a tender of service to such vessels, and a refusal. A tender of service was made by a pilot to a vessel owned by residents of Maine, and sailing under a fishing license. The service being refused, the pilot filed a libel to recover half pilotage. *Held*, that, to entitle the libellant to recover, the tender must be made to a vessel subject to pilot fees.

2. This vessel was not within either of the classes specified, and was not, therefore, subject to pilot fees.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[This was a libel by James H. Weaver against Hector McLellan to recover half pilotage fees.]

BENEDICT, District Judge. This is an action by a pilot to recover half pilotage, of the owner of the schooner E. R. Kane. It presents the same question as to the jurisdiction of the court, which was raised and decided in the previous case of Banta v. McNeil [Case No. 966], where my opinion upon the point is expressed.

But it involves an additional point. namely, whether the defendant's vessel, to which the libellant tendered his services, was within the scope of the state statute, upon which reliance is placed; and it is contended that, under the act relied on, she was not bound to take a pilot, and could not be the subject of a tender of pilot services, within the meaning of the act. The tender, which is by the statute made in certain cases equivalent to performance, must be a tender to a vessel subject by law to pilot fees, and, therefore, presumed to require the service tendered.

The law of the state, upon which alone reliance has been here placed, to create a liability on the part of the defendant, declares such liability only in the case of "foreign vessels and vessels under register." This phrase designates two distinct classes of vessels, and excludes all others. In one class are included vessels owned in any state of the Union, if registered, distinguishing between the registered vessels of the United States, and those enrolled or licensed, and excluding the latter. In the other class are all vessels which cannot be registered or enrolled, because not owned by citizens of the United States. The latter only are "foreign vessels," within the meaning of the act.

Here the proofs show, that the vessel in question was owned by a citizen of the United States, a resident of Maine, and that she was sailing under a fishing license; and it is said that she was a foreign vessel, because her owner resided in Maine, since each of the states is considered foreign to the rest. The distinction alluded to as founded upon the non-residence of the owner within the state limits, has no application here. It has never yet been recognized by the supreme court, except in cases of material men. and it would seem (The St. Lawrence. 1 Black [66 U. S.] 522) to be there noticed simply as affording ground for a presumption of exclusive personal credit. It has no effect in a case like this, where the statute itself makes no such distinction.

The words "vessels under register," include vessels owned in other states, if registered, and the act distinguishes only between those registered, and those not registered, because owned by foreigners, and does not mention the class to which this vessel belongs, namely, the enrolled or licensed vessels of the United States. Nor was this vessel under a register. She was not registered, but was sailing under license. It is true that she had permission to touch at foreign ports, and, therefore, under section 21 of the act of 1793 [1 Stat. 313], was bound to have a manifest, and enter her cargoes as provided for ships arriving from foreign ports; but she was not, therefore, a registered vessel, but still a licensed vessel.

Such a vessel was not bound by any law to take a pilot. She is presumed not to require the services rendered by the libellant, and no liability attached by virtue of the statute to the defendant. because of the master's refusal to take the pilot, or because of the service performed by the pilot in making the tender of his services.

The libel must, therefore, be dismissed, with costs.